IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS & ST. JOHN

| | |
|---|---|
| LEWIS E. STOTESBURY, MARCELLUS R. TYLER, Jr., KAREN M. MURPHY, and KATHLEEN MURPHY, <br><br> Plaintiffs, <br><br> vs. <br><br> PIRATE DUCK ADVENTURE, LLC, a Virgin Islands limited liability company, MICHAEL BAIRD, FRED STIERLE, SUMNER HOUGH, and COOL AMPHIBIOUS MANUFACTURING INTERNATIONAL, LLC, a South Carolina limited liability company, <br><br> Defendants. <br><br> AMBROSE, Senior District Judge | No. 3:11-cv-00018 |

## OPINION AND ORDER OF COURT

Pending are Motions to Dismiss filed by Defendant Pirate Duck Adventure, LLC ("Pirate Duck") (Docket No. 25) and Defendant Michael Baird ("Baird") (Docket No. 27) for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). Plaintiffs oppose both motions. (Docket No. 29). After careful consideration and for the reasons set forth below, both motions to dismiss are denied.

### I. Background[1]

#### A. Factual Background

This is a personal injury case brought by four passengers (Lewis Stotesbury, Marcellus Tyler, Karen Murphy, and Kathleen Murphy) aboard an amphibious bus called the "Duckaneer" that crashed due to alleged brake failure on a road near Lindberg Bay on St. Thomas on July 1, 2009. Jurisdiction is based on diversity of citizenship. Stotesbury is from North Carolina; Tyler is from Maryland; and the Murphys are from New Hampshire. Defendant Pirate Duck is a

---

[1] Unless otherwise noted, the facts in this section are taken from Plaintiffs' First Amended

1

limited liability company organized and existing under the law of the United States Virgin Islands and is the owner and operator of the Duckaneer.  Defendant Baird, a citizen of the Virgin Islands), is a member and manager of Pirate Duck.  Defendant Sumner Hough is a Florida citizen and was the operator of the vehicle at the time of the collision.

At the time of the collision, Plaintiffs were visiting the Virgin Islands as passengers aboard the Royal Caribbean cruise ship Freedom of the Seas during a one-week round-trip Eastern Caribbean cruise originating from Port Canaveral, Florida.  Plaintiffs purchased from Royal Caribbean a "shore excursion ticket" for an amphibious tour of St. Thomas aboard the "Duckaneer."  Pirate Duck was an independent contractor of Royal Caribbean.

The July 1, 2009 accident occurred as the Duckaneer was traveling down a steep hill and both its primary brakes and parking brake failed.  Plaintiffs allege that Defendants were negligent or grossly negligent because they knew that the braking system on the Duckaneer was dangerously unreliable but nevertheless continued to operate the vehicle on the steep and hilly roads of St. Thomas, recklessly placing its passengers and other members of the public at risk of serious bodily injury or death.  In addition to damages for their alleged personal injuries, plaintiffs also seek punitive damages.

### B. Procedural History

Plaintiffs filed their Complaint in this action in this Court on February 11, 2011.  (Docket No. 1).  Plaintiffs filed a First Amended Complaint on March 4, 2011.  (Docket No. 6).  On April 5, 2011, Defendant Sumner Hough filed an Answer to the First Amended Complaint.  (Docket No. 19).[2]  On April 20, 2011, Defendants Pirate Duck and Baird filed the instant motions to dismiss.  (Docket Nos. 25 and 27, respectively).   On May 25, 2001, Plaintiffs filed a brief opposing both motions.  (Docket No. 29).   Pirate Duck and Baird filed a reply brief on June 15, 2011.  (Docket No 42).  The motions are now ripe for my review.

---

[2] The parties have consented to the dismissal of Defendants Stierle and Cool Amphibious Manufacturing International, LLC.  (Docket Nos. 59, 61).

## II. Legal Analysis

### A. Legal Standard

Defendant filed its Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  When deciding whether to grant or deny a 12(b)(6) motion the Supreme Court has held:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

Bell Atlantic Co. v. Twombly, 550 U.S. 544, 555 (2007) (citations and footnote omitted); see also Phillips v. County of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008) (a plaintiff's factual allegations must be enough to raise a right to relief above the speculative level).

Most recently, in Ashcroft v. Iqbal, ___ U.S.___, 129 S. Ct. 1937 (2009), the Supreme Court held, ". . . a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949 (citations omitted).

In Iqbal, the Court specifically highlighted the two principles which formed the basis of the Twombly decision: First, for the purposes of a motion to dismiss, courts must accept as true all factual allegations set forth in the complaint, but courts are not bound to accept as true any legal conclusions couched as factual allegations.  Id. at 1949-50; see also Fowler v. UPMC Shadyside, 578 F.3d 203 (3d Cir. 2009).  Second, a complaint will survive a motion to dismiss only if it states a plausible claim for relief, which requires a court to engage in a context-specific task, drawing on the court's judicial experience and common sense. Iqbal, 129 S. Ct. at 1950; Fowler, 578 F.3d at 210-11.  Where well-pleaded facts do not permit the court to infer more than

3

the mere possibility of misconduct, the complaint has alleged – but has not shown – the complainant is entitled to relief. Iqbal, 129 S. Ct. at 1950 (citing Fed. R. Civ. P. 8(a)(2)).

When ruling upon a 12(b)(6) motion, I generally may consider only the allegations contained in the complaint, exhibits attached to the complaint, matters of public record, and items appearing in the record of the case. See Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 n.2 (3d Cir. 1994); Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1195 (3d Cir. 1993). I also may consider an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document. Id. at 1196. Other matters outside the pleadings should not be considered.

### B. Motions to Dismiss

In the motions to dismiss, both Pirate Duck and Baird argue that: (1) Plaintiffs' claims are time-barred by a binding one-year limitations period imposed by their cruise ticket contracts with Royal Caribbean; (2) Plaintiffs' negligence claims allege an improper "highest duty" standard contrary to applicable law; and (3) Plaintiffs fail to allege any factual or legal basis for gross negligence and punitive damages. (Docket Nos. 25, 27). In addition, Baird argues that the Amended Complaint must be dismissed against him because it fails to allege any basis for personal liability against him arising from his involvement in Pirate Duck. (Docket No. 27). Plaintiffs oppose Defendants' arguments in their entirety, and I will address each in turn.

#### 1. Statute of Limitations

Pirate Duck and Baird argue that they should receive the benefit of a one-year limitations period for filing claims set forth in Section 10(a) of the Cruise Ticket Contracts between Plaintiffs and Royal Caribbean.[3] Specifically, Defendants contend that Plaintiffs agreed in Section 2(b) of

---

[3] Pirate Duck and Baird have attached a copy of the Cruise Ticket Contract as Exhibit 1 to their motions to dismiss. (Docket Nos. 25, 27). Section 10(a) of the Cruise Ticket Contract provides:
10. **NOTICE OF CLAIMS AND COMMENCEMENT OF SUIT OR ARBITRATION; SECURITY:**

4

the Cruise Ticket Contract that the one-year limitations period applied to all claims against independent contractors. Section 2(b) provides:

> The exclusions or limitations of liability of Carrier set forth in the provisions of this Ticket Contract, as well as all rights, defenses or immunities set forth herein, shall also apply to and be for the benefit of agents, independent contractors, concessionaires and suppliers of Carrier . . . .

See Docket No. 25, Ex. 1 §2(b). Plaintiffs disagree, arguing that the contractual language at issue is, at best, ambiguous as to its applicability and, therefore, must be construed against Defendants.

After careful consideration, I conclude that resolution of this issue is premature at this time. It is well-settled that a statute of limitations defense ordinarily cannot serve as the basis of a Rule 12(b)(6) dismissal. See Oshiver, 38 F.3d at 1384 n.1 (citing Fed. R. Civ. P. 8(c)). A limited exception is made "where the complaint facially shows noncompliance with the limitations period and the affirmative defense clearly appears on the face of the pleading." Id. That exception, however, does not apply in this case. Although the events giving rise to Plaintiffs' Complaint plainly fall outside the one-year limitations period at issue, it is not clear from the face of the pleadings that the contractual limitations period extends to Defendants. Accordingly, the limitations issue is best left for resolution through a motion for summary judgment upon a more fully developed record, and Defendants' 12(b)(6) Motion to Dismiss on this basis is denied.

### 2. Negligence Standard

Pirate Duck and Baird next argue that Plaintiffs' negligence claim must be dismissed

---

a. TIME LIMITS FOR PERSONAL INJURY/ILLNESS/DEATH CLAIMS: NO SUIT SHALL BE MAINTAINABLE AGAINST CARRIER, THE VESSEL OR THE TRANSPORT FOR PERSONAL INJURY, ILLNESS OR DEATH OF ANY PASSENGER UNLESS . . . SUIT IS COMMENCED (FILED) WITHIN ONE YEAR FROM THE DATE OF SUCH INJURY, ILLNESS OR DEATH AND PROCESS SERVED WITHIN 120 DAYS AFTER FILING, NOTWITHSTANDING ANY PROVISION OF LAW OR ANY STATE OR COUNTRY TO THE CONTRARY.

Docket Nos. 25, 27, Ex. 1 § 10(a).

because it improperly states a heightened standard contrary to maritime law. Specifically, Pirate Duck and Baird take issue with paragraph 42 of the First Amended Complaint, which states that "[a]t all material times herein, Defendant Pirate Duck acted as a common carrier and owed its passengers, including Plaintiff, the highest duty of care." First Am. Compl. (Docket No. 6) ¶ 42; Pirate Duck Br. (Docket No. 25) at 5; Baird Br. (Docket No. 27) at 7. Defendants argue that maritime law, not Virgin Islands law, applies to the negligence claims and that controlling maritime law defines the duty of care owed by a carrier to its passengers as reasonable care under the circumstances. Pirate Duck Br. (Docket No. 25) at 6. Plaintiffs disagree that the reasonable care standard applies, and also argue that the Amended Complaint states a negligence claim under either standard.

After careful review, I agree with Plaintiff that, taking the allegations in the Amended Complaint as true, the pleading states a claim for negligence upon which relief can be granted under either standard of care. Accordingly, dismissal of the negligence claims on the standard of care issue is inappropriate at this time.

### 3. Factual Basis for Gross Negligence or Punitive Damages

Pirate Duck and Baird argue that Plaintiffs' gross negligence and punitive damages claims must be dismissed because the Amended Complaint fails to allege a sufficient factual basis for those claims under the <u>Twombly</u> standard. Plaintiffs disagree and contend that the Amended Complaint more than adequately supports both claims. I concur with Plaintiffs.

To survive a motion to dismiss under <u>Twombly</u>, a complaint alleging gross negligence and/or punitive damages must contain facts sufficient to show that the applicable standards for recovery are plausibly met. See <u>Thomas v. Rijos</u>, Civ. Case No. 2009/82, 2011 WL 1637471, at *3 (D.V.I. Apr. 29, 2011). Here, the parties appear to disagree on the applicable standard for gross negligence. Specifically, Defendants cite <u>Tutein v. Parry</u>, No. SX-00-CV-080, 2006 WL 3842108 (V.I. Super. Ct. Oct. 24, 2006), for the proposition that gross negligence requires "reckless" or "wanton" conduct, meaning the defendant must exhibit "a conscious indifference to

the consequences of his conduct or act so unreasonable that imminent likelihood of harm or injury to another is reasonably apparent." Id. at *4. Plaintiffs, in turn, cite a more recent case, Thomas v. Rijos, in which the district court disagreed with Tutein and held that "[w]hile gross negligence may be sustained by pleading facts showing that a defendant acted recklessly or wantonly, reckless or wanton conduct is not required." Id. at *7; see also id. (defining gross negligence as "conduct that presents 'an unreasonable risk of physical harm to another . . . that . . . is *substantially greater* than that which is necessary to make the conduct negligent.'" (quoting Booth v. Bowen, Civ. No. 2006-217, 2008 WL 220067, at *3 (D.V.I. Jan. 10, 2008))).

For purposes of the instant motions, it is not necessary to decide which standard applies to Plaintiffs' gross negligence claim because the factual allegations in the Amended Complaint are more than sufficient to sustain the claim even under the "reckless" or "wanton" standard. Among other things, the Amended Complaint avers that:

- On the date of the incident at issue, the Duckaneer was traveling down a steep hill when both its primary brakes and "parking brake" failed;

- Pirate Duck, and its officers and agents, knew that the vehicle lacked an emergency braking system;

- Virgin Islands law enforcement authorities inspected the vehicle after the crash and observed obvious signs of chronic deterioration and neglect of the primary braking system, excessive saltwater corrosion, and further observed the partial disassembly and deliberate disabling of the left front brake chamber;

- Pirate Duck, and its officers and agents, knowingly operated the vehicle with the service brake system partially disassembled and disabled;

- Pirate Duck, and its officers and agents, further knew that if the vehicle's air-brakes were "pumped" by the driver, the air pressure could fall to critically low levels, causing a malfunction of the braking system;

- Pirate Duck, and its officers and agents, further knew that such "pumping" of the brakes was a highly foreseeable eventuality on the steep and hilly roadways of St. Thomas;

- Pirate Duck, and its officers and agents, further knew that the vehicle had merely a "parking brake" and no effective emergency brake;

7

- Defendant Pirate Duck, through its managers Baird and Stierle, made the deliberate executive decision to save money by foregoing regular inspection, and ordinary maintenance and repair of the brake system, despite the clear and obvious risks of bodily injury and death to its passengers, thereby placing corporate profits over human safety;

- Defendant Pirate Duck, through its managers Baird and Stierle, made the deliberate executive decision to save money by refraining from hiring qualified mechanics to inspect, maintain and repair the vehicle, instead relying upon its own personnel, whom Baird and Stierle knew were not qualified, competent mechanics, thereby placing corporate profits over human safety;

- The said Defendants, and each of them, operated the vehicle, having actual or constructive knowledge of its dangerously substandard brakes.

First Am. Compl. (Docket No. 6) ¶¶ 31, 43-52.  Together, these averments far exceed the type of conclusory allegations Twombly eschews.

Plaintiffs likewise have set forth a plausible claim for punitive damages.  To recover punitive damages in the Virgin Islands, a party must "allege facts demonstrating that the defendant acted outrageously and with an evil motive or with a reckless indifference to the rights of others."  Francis v. Bridgestone Corp., Civ. No. 2010/30, 2011 WL 2650599, at *12 (D.V.I. July 6, 2011).  As with the gross negligence claim, the allegations in the First Amended Complaint, including those paragraphs quoted above, more than adequately set forth a plausible claim for punitive damages.

For all of these reasons, Plaintiffs have set forth plausible claims for gross negligence and punitive damages and, therefore, Baird and Pirate Duck's 12(b)(6) motions to dismiss those claims are denied.

### 4. Personal Liability – Baird

In addition to the arguments set forth above, Baird contends that the Amended Complaint fails to allege any basis for personal liability against him arising from his involvement in Pirate Duck.  See Baird Br. (Docket No. 27) at 5-7.  Baird alleges that as a Limited Liability Company ("LLC"), Pirate Duck is legally distinct from Baird and that pursuant to Virgin Islands law applicable to LLC's, Baird is not subject to individual liability.  Id.  Specifically, Baird cites 13

V.I. Code §§1302-1303, which provides that a member of a LLC "is not personally liable for a debt, obligation, or liability of the company solely by reason of being or acting as a member or manager."  Id. at 5-6 (quoting 13 V.I. Code §§ 1302-1303).  After careful consideration, I disagree that dismissal of Plaintiffs' claims against Baird is appropriate at this time.

Although Baird is correct that, under Virgin Islands law, he would not incur liability solely by reason of acting as a member of Pirate Duck, the law does not insulate him against any tortious conduct in which he personally participated on behalf of the company.  See Herzog v. Estate Davis Bay Resorts, LLC, Civ. No. 10-CV-00029, 2010 WL 4323076, at *5 (D.V.I. Nov. 2, 2010); Addie v. Kjaer, Civ. No. 2004-35, 2009 WL 1140006, at *3 (D.V.I. Apr. 28, 2009) (under Virgin Islands law, "a corporate agent may be personally liable in tort if, although acting on behalf of a corporate entity, he directs or participates in the tortious act" (citing Restatement (Third) Agency § 7.01)); Airlines Reporting Corp. v. Belfon, Civ. A. No. 2003/146, 2010 WL 3664065 (D.V.I. Sept. 16, 2010) (distinguishing between mere nonfeasance and active participation in tortious activity by a corporate officer).  Here, the Amended Complaint does not seek liability against Baird solely based on his status as a member of Pirate Duck.  Rather, the pleading adequately alleges that Baird actively participated in the alleged tortious conduct at issue.  For example, the Amended Complaint avers that:

- Defendant Pirate Duck, through its managers Baird and Stierle, made the deliberate executive decision to save money by foregoing regular inspection, and ordinary maintenance and repair of the brake system, despite the clear and obvious risks of bodily injury and death to its passengers, thereby placing corporate profits over human safety;

- Defendant Pirate Duck, through its managers Baird and Stierle, made the deliberate executive decision to save money by refraining from hiring qualified mechanics to inspect, maintain and repair the vehicle, instead relying upon its own personnel, whom Baird and Stierle knew were not qualified, competent mechanics, thereby placing corporate profits over human safety;

- The said Defendants, and each of them, operated the vehicle, having actual or constructive knowledge of its dangerously substandard brakes.

First Am. Compl. (Docket No. 6) ¶¶ 50-52.  Whether the evidence ultimately supports Plaintiffs'

allegations is a question appropriately left for resolution on a motion for summary judgment or at trial.

### III. **CONCLUSION**

For all of the reasons set forth above, Pirate Duck and Baird's motions to dismiss are denied in their entirety.  A telephonic status conference is scheduled for September 7, 2011, at 2:00 p.m. before the undersigned.  Plaintiffs' counsel shall initiate the call and shall call the Court at 412-208-7350 once participants for all parties are on the line. Counsel shall have settlement authority, and the parties also shall be available by telephone.

IN THE DISTRICT COURT OF THE VIRGIN ISLANDS

DIVISION OF ST. THOMAS & ST. JOHN

| | | |
|---|---|---|
| LEWIS E. STOTESBURY, MARCELLUS R. TYLER, Jr., KAREN M. MURPHY, and KATHLEEN MURPHY, | ) ) ) ) | |
| Plaintiffs, | ) ) | No. 3:11-cv-00018 |
| vs. | ) ) | |
| PIRATE DUCK ADVENTURE, LLC, a Virgin Islands limited liability company, MICHAEL BAIRD, FRED STIERLE, SUMNER HOUGH, and COOL AMPHIBIOUS MANUFACTURING INTERNATIONAL, LLC, a South Carolina limited liability company, | ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |
| AMBROSE, Senior District Judge | ) | |

## ORDER OF COURT

AND NOW, this 30th day of August, 2011, after careful consideration of the submissions of the parties and for the reasons set forth in the Opinion accompanying this Order, it is ordered that Defendant Pirate Duck Adventure, LLC's Motion to Dismiss (Docket No. 25) and Defendant Michael Baird's Motion to Dismiss (Docket No. 27) are denied. A telephonic status conference is scheduled for September 7, 2011, at 2:00 p.m. before the undersigned. Plaintiffs' counsel shall initiate the call and shall call the Court at 412-208-7350 once participants for all parties are on the line. Counsel shall have settlement authority, and the parties also shall be available by telephone.

BY THE COURT:

/s/ Donetta W. Ambrose
Donetta W. Ambrose
Senior U.S. District Judge