IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS & ST. JOHN

| | |
|---|---|
| LEWIS E. STOTESBURY and MARCELLUS R. TYLER, Jr., <br><br> Plaintiffs, <br><br> vs. <br><br> PIRATE DUCK ADVENTURE, LLC, a Virgin Islands limited liability company, and MICHAEL BAIRD, <br><br> Defendants. <br><br> AMBROSE, Senior District Judge | No. 3:11-cv-00018 |

## MEMORANDUM ORDER OF COURT

Pending are Defendants' Omnibus *Daubert* Motions seeking to exclude portions of Plaintiffs' proposed expert testimony. (Docket No. 194). The parties have represented that a hearing is not necessary on the issue. Thus, I base my decision on the parties' submissions and attachments thereto. See Oddi v. Ford Motor Co., 234 F.3d 136, 154-55 (3d Cir. 2000).

In Daubert v. Merrell Dow Pharm., Inc., 509 U.S. 579 (1993), the Supreme Court held that:

> [f]aced with a proffer of expert scientific testimony, ... the trial court judge must determine at the outset ... whether the expert is proposing to testify to (1) scientific knowledge that (2) will assist the trier of fact to understand or determine a fact in issue. This entails a preliminary assessment of whether the reasoning or methodology underlying the testimony is scientifically valid and of whether that reasoning or methodology properly can be applied to the facts in issue.

509 U.S. at 592-93. More recently, in Kumho Tire Co., Ltd. v. Carmichael, 526 U.S. 137, 141 (1999), the Supreme Court clarified any confusion regarding the intended reach of the Daubert decision, by declaring that the trial judge must perform this "basic gatekeeping obligation" to all expert matters, not just "scientific" matters. In the Third Circuit, the trial court's role as a "gatekeeper" announced in Daubert requires proof that: (1) the proffered witness is qualified as

1

an expert; (2) the expert must testify about matters requiring scientific, technical, or specialized knowledge; and (3) the expert's testimony must "fit" the facts of the case. In re Paoli R.R. Yard PCB Litig., 35 F.3d 717, 741-42 (3d Cir. 1994). Thus, pursuant to Daubert, the gatekeeping function requires the court to ensure that the expert testimony is both reliable and relevant. Daubert, 509 U.S. at 589; Kumho Tire Co., 526 U.S. at 147.

As to the first requirement - qualification - the Court of Appeals for the Third Circuit has "eschewed imposing overly rigorous requirements of expertise and [has] been satisfied with more general qualifications." Paoli, 35 F.3d at 741. "Rule 702's liberal policy of admissibility extends to the substantive as well as the formal qualification of experts." Id. Thus, an expert can qualify based on a broad range of knowledge, skills, training and experience.

The second inquiry focuses on methodology. The inquiry into methodology is designed to ensure that an expert's opinions are based upon "'methods and procedures of science' rather than on subjective belief or unsupported speculation; the expert must have 'good grounds' for his or her belief." Id. at 742. Factors used to assess reliability may include whether: (1) the theory or technique can be tested; (2) the theory or technique has been peer reviewed; (3) there is a high rate of known or potential error; (4) there are standards or controls; (5) the theory is "generally accepted"; (6) there is a sufficient relationship between the technique and methods which have been established to be reliable; (7) the expert's qualifications are sufficient; and (8) the method has been put to non-judicial uses. See Magistrini v. One Hour Martinizing Dry Cleaning, 180 F. Supp. 2d 584, 594 (D.N.J. 2002), aff'd, 68 F. App'x 356 (3d Cir. 2003). "Some courts also consider additional factors relevant in determining reliability, including: (i) whether the expert's proposed testimony grows naturally and directly out of research the expert has conducted independent of the litigation . . . ; (ii) whether the expert has unjustifiably extrapolated from an accepted premise to an unfounded conclusion. . . ; (iii) whether the expert has adequately accounted for alternative explanations . . . ; (iv) whether the expert is being as

careful as he would be in his professional work outside of the litigation context . . . ; and (v) whether the field of expertise asserted by the expert is known to reach reliable results for the type of opinion proffered by the expert . . . ." Id. at 594-95 (citations omitted); see also Cuffari v. S-B Power Tool Co., 80 F. App'x 749, 751 (3d Cir. 2003) ("In short, trial courts should determine whether the expert's conclusion is based on valid reasoning and reliable methodology.").

Although this list of factors is lengthy, not each factor will be relevant to every reliability analysis. The "test of reliability is 'flexible.'" Kumho, 526 U.S. at 141. According to the Supreme Court, "Daubert's list of specific factors neither necessarily nor exclusively applies to all experts." Id. The relevance of the Daubert factors depends "on the nature of the issue, the expert's particular expertise, and the subject of his testimony." Id. at 150 (internal quotation marks and citations omitted).

Finally, Daubert and Rule 702 require that the expert's testimony "fit" the facts of the case. "'Fit' requires that the proffered testimony must in fact assist the jury, by providing it with relevant information, necessary to a reasoned decision of the case." Magistrini, 180 F. Supp. 2d at 595 (citing Paoli, 35 F.3d at 743).

With these standards in mind, and after careful consideration of the submissions of the parties, Defendants' Omnibus *Daubert* Motions (Docket No. 194) are granted in part and denied in part as follows:

1) Defendants' Motion to exclude the opinions on proximate causation of the brake failure by Plaintiffs' mechanic expert Les Miller and to exclude Miller's opinion that the alleged brake failure occurred before the Duckaneer entered the water prior to the tour is denied. I find that Miller is qualified to testify as an expert on these matters, and that Defendants' objections to

Miller's testimony involve factual disputes that go to the weight, not the admissibility of the evidence.[1]

2) Defendants' Motion to exclude "any [expert] testimony that [Plaintiff] Tyler's injury to the ball of his left foot was proximately caused by the Duckaneer accident" is denied. Defendants' argument that "irrefutable" evidence establishes that Tyler's alleged foot injury was a pre-existing stage 3 ulcer is without merit. Both parties point to competing evidence on this issue. The fact that Tyler's podiatrist, Dr. Korves, began treating him two years after the crash and relied on Tyler's statements that he was injured in the crash likewise is not a basis for exclusion. Defendants' arguments more appropriately go to weight, not admissibility, of this evidence. The question of how and/or when Tyler injured his foot is a factual dispute for the jury to resolve.

3) Defendants' Motion to exclude testimony from Plaintiff Stotesbury's vocational expert Susan McKenzie that Stotesbury will need a full-time assistant to shadow him throughout the day is denied. The challenges Defendants raise to McKenzie's testimony are appropriate subjects for cross-examination, not grounds for exclusion.

4) Defendants' Motion to exclude Stotesbury's claim for costs of future medication is denied. Primarily, Defendants seek to exclude the testimony of vocational expert McKenzie on this issue. I disagree with Defendants that McKenzie's opinion, as supplemented on September 5, 2013 [ECF No. 206], lacks foundation and/or is a product of unreliable methodology. Defendants may attack any perceived weaknesses in McKenzie's analysis through cross-examination or competing evidence at trial.

5) Defendants' Motion to exclude McKenzie's testimony as to Plaintiff Tyler's loss of future earning capacity is denied. McKenzie is qualified to testify on this issue and her methodology is fully laid out in her deposition. Defendants' arguments go to the weight, not

---

[1] The heading of Defendants' argument section also refers to Plaintiffs' regulatory expert John Barnes. ECF No. 194, at 6. The body of the argument, however, refers only to expert Miller. To the extent Defendants intended their argument to apply also to expert Barnes, the motion is denied.

admissibility, of McKenzie's testimony, and they may attack any perceived weaknesses in McKenzie's analysis through cross-examination or competing evidence at trial.

6) Defendants' Motion to exclude the police report by the Virgin Islands Police Department and other statements by police officers is granted in part. Plaintiffs agree that the police report and the specific opinions as to the cause of the crash stated in the report are inadmissible at trial. Thus, the report and any causation opinions contained therein are excluded. This exclusion, however, does not preclude the testimony of Lieutenant Rosalyn Jarvis regarding her first-hand observations of the physical condition of the vehicle at the accident scene.

7) Defendants' Motion to exclude the testimony of expert John Barnes or other witnesses about violations of inapplicable federal motor carrier safety regulations, the Commercial Vehicle Safety Alliance ("CVSA") standards, and the commercial driver's license handbook or regulations is granted to the extent it alleges that the standards are irrelevant and/or unfairly prejudicial.

It is undisputed that the Federal Motor Carrier Vehicle Safety Regulations and Commercial Driver's License Standards did not apply to commercial vehicles in the Virgin Islands on the date of the accident.[2] Plaintiffs also have not provided sufficient evidence that the CVSA standards applied in the Virgin Islands on or prior to July 2, 2009. Thus, these standards are not relevant to the maintenance of the Duckaneer prior to the accident and evidence regarding such standards would likely mislead or confuse the jury.

8) Defendants' Motion to exclude any reference to testimony by Plaintiffs' experts Les Miller or John Barnes on ultimate legal issues is granted. <u>See, e.g.</u>, ECF No. 193-6, Miller Depo. at 158, 163:11-165:5, 168:8-169:9; ECF No. 193-2, Barnes Depo. at 185:13-186:8.

---

[2] The FMCVS and CDL regulations were enacted by the Virgin Islands Legislature on September 4, 2012 and October 15, 2010, respectively. <u>See</u> 20 V.I.C. §§ 391, 901.

Neither Miller nor Barnes are legal experts and expert testimony opining that Defendants were "negligent" or "grossly negligent" would invade the province of the Court and the jury.

It is so ORDERED, this 1st day of October, 2013.

BY THE COURT:

/s/Donetta W. Ambrose
Donetta W. Ambrose
Senior U.S. District Judge